Filed 1/23/15  P. v. Lee CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>                v.<br><br>SHANNON MAURICE LEE,<br><br>        Defendant and Appellant. | F068005<br><br>(Madera Super. Ct. No. MCR09012)<br><br>**OPINION** |

-ooOoo-

**THE COURT**[*]

        APPEAL from a judgment of the Superior Court of Madera County.  Mitchell G. Rigby, Judge.

        Deborah Prucha, under appointment by the Court of Appeal, for Defendant and Appellant.

        Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Cornell, Acting P.J., Kane, J. and Poochigian, J.

# INTRODUCTION

Appellant/defendant Shannon Maurice Lee, a state prison inmate, filed a petition for resentencing under Penal Code[1] section 1170.126 (Proposition 36). It was denied, and he filed a notice of appeal. His appellate counsel has filed a brief which summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

# FACTS

In November 2003, defendant was convicted of second degree robbery (§ 211), with two prior strike convictions (§ 667, subds. (b)–(i)). He was sentenced to a third strike term.

On March 20, 2013, defendant, acting in pro. per., filed a petition in the superior court for resentencing pursuant to Proposition 36. Defendant asserted he was eligible for resentencing because he was sentenced to a third strike term after being convicted of a nonviolent felony, and he was not subject to any disqualifying conditions. The court appointed counsel and set a hearing.

On September 6, 2013, the court found defendant was ineligible for resentencing under section 1170.126 because his current conviction was for robbery.

On October 10, 2013, defendant filed a notice of appeal. He did not request or obtain a certificate of probable cause.

# DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court. By letter on January 9, 2014, we invited defendant to submit additional briefing. To date, he has not done so.

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

2.

Our independent review of the record indicates that the trial court properly denied the petition to recall the sentence. The ameliorative provisions of Proposition 36 do not apply to a defendant currently sentenced to state prison for a serious and/or violent felony. (§ 1170.126, subds. (b), (e)(1).) "Any robbery" is a violent felony. (§ 667.5, subd. (c)(9).) Defendant is statutorily ineligible for resentencing.

After further review of the record, we find that no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgment is affirmed.